IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
MAR - 7 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

BURL NEWTON,

          Plaintiff

v.                                                           CIVIL NO. 3:12CV175

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:    Corporation Service Company, Registered Agent
               Bank of America Center, 16th Floor
               1111 East Main Street
               Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:    David N. Anthony, Registered Agent
               Troutman Sanders, LLP
               1001 Haxall Point
               Richmond, VA 23219

TRANS UNION, LLC.

SERVE:    Corporation Service Company, Registered Agent
               Bank of America Center, 16th Floor
               1111 East Main Street
               Richmond, VA 23219

AMERICAN EXPRESS

SERVE:    Secretary of the Commonwealth
               Service of Process Department
               Post Office Box 2452
               Richmond, Virginia 23218-2452

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, **BURL NEWTON**, by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendants maintains its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia. The Plaintiff also resides in this District.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

2

8. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, **TRANS UNION, LLC.** (*"Trans Union"*) is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, **AMERICAN EXPRESS**, *("American Express")* is a foreign company doing business in the State of Virginia as a credit lender. At all times relevant hereto *American Express* was a "furnisher" as governed by the FCRA.

### FACTS

14. Prior to 2009, the Plaintiff learned that two former corporate accounts with American Express for which he was not personally liable were reporting derogatorily on his personal credit reports. The Plaintiff made multiple disputes directly to American Express.

15. Thereafter Plaintiff obtained a copy of his consumer credit report with *Equifax*,

3

*Experian and Trans Union* and learned that each was reporting one of the corporate *American Express* accounts derogatorily as a charged off bad debt. *(Respectively the American Express Reporting)*

22. The *American Express* Reporting was inaccurate. The Plaintiff was never personally liable for the repayment of this corporate debt.

23. Plaintiff has disputed the *American* account with *Equifax* and/or other Consumer Reporting Agencies multiple times since March 2010.

24. On or about March 24, 2010, *Equifax's* Results of Investigation mailed to the Plaintiff advised that the *American Express* account had been verified by the creditor as a charged off account in the amount of $4,247.

25. Plaintiff disputed the *American Express* account with *Experian* multiple times since March 2010.

26. On or about June 4, 2010, *Experian's* Investigation Results mailed to the Plaintiff advised that the account had been updated and verified, however the account was still reporting derogatorily as a charged off account in the amount of $4,247 as of July 2004.

27. Plaintiff disputed the *American Express* account with *Trans Union* multiple times since March 2010.

28. On or about March 26, 2010, *Trans Union's* Investigation Results mailed to the Plaintiff advised that new information had been provided regarding the *American Express* account, however, the account was reporting as a charged off bad debt account with a balance of $4,247.

29. *Equifax, Experian and Trans Union* each received, but ignored the Plaintiff's disputes and did refuse to delete or correct the inaccurate information regarding the derogatory account from the Plaintiff's credit file.

30. *Equifax, Experian and Trans Union* each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory account.

31. After receiving Plaintiff's notice of the inaccuracy and since March 2010, *Equifax, Experian and Trans Union* prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory *American Express* account.

32. *Equifax, Experian and Trans Union* received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Equifax, Experian and Trans Union* merely "parroted" the information dictated to it by *American Express*.

33. Upon information and belief, Plaintiff alleges that on one or more occasions *Equifax, Experian and Trans Union* forwarded Plaintiff's disputes to *American Express*. Upon information and belief, *American Express* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EQUIFAX, EXPERIAN and TRANS UNION)

34. The Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

35. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

36. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union* the Plaintiff suffered actual damages including without limitation, by example only and as

described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

41. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

42. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by

the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EQUIFAX, EXPERIAN and TRANS UNION)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of the Plaintiff's dispute to *American Express* and by failing to include all relevant information regarding the Plaintiff's disputes.

46. As a result of the conduct, actions and inactions of Defendants, *Equifax, Experian* and *Trans Union,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EQUIFAX, EXPERIAN and TRANS UNION)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

51. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

52. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN and TRANS UNION)

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) on

multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

56. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

57. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
### (AMERIACN EXPRESS)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *American Express* reportings.

61. As a result of this conduct, action and inaction of *American Express*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on

9

Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

62. *American Express's* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(B)
## (AMERICAN EXPRESS)

64. Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

66. As a result of this conduct, actions and inactions of *American Express* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

67. *American Express'* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n. In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (AMERICAN EXPRESS)

69. Plaintiff realleges and incorporates paragraphs 1 through 68 above as if fully set out herein.

70. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *American Express* account within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

71. As a result of this conduct, actions and inactions of *American Express*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

72. *American Express'* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

BURL NEWTON,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
(Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*