**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**BURL NEWTON,**

          **Plaintiff**

v.                                       **CIVIL NO.  3:12cv175-JAG**

**EQUIFAX INFORMATION SERVICES, LLC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and AMERICAN EXPRESS BANK, FSB.,**

          **Defendants.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, **BURL NEWTON**,  by counsel, and for his Amended

Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees

brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p).  Venue is proper as

Defendants maintains its registered offices within the boundaries for the Eastern District of Virginia,

Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia. The Plaintiff

also resides in this District.

### PARTIES

3.  The Plaintiff is a natural person and resident of the State of Virginia.  Plaintiff is a

"consumer" as defined by 15 U.S.C. §1681a(c).

4.  Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.**

("***Equifax***") is a corporation authorized to do business in the State of Virginia through its registered

offices in Richmond, Virginia.

5.  Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6.  Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

7.  Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

8.  Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.  Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

10.  Upon information and belief, **AMERICAN EXPRESS BANK, FSB**, *("American Express")* is a foreign company doing business in the State of Virginia as a credit lender.  At all times relevant hereto *American Express* was a "furnisher" as governed by the FCRA.

### FACTS

11.  Prior to 2009, the Plaintiff learned that two former corporate accounts with American Express for which he was not personally liable were reporting derogatorily on his personal credit reports.  The Plaintiff made multiple disputes directly to American Express.

2

12.     Thereafter Plaintiff obtained a copy of his consumer credit report with *Equifax, Experian and Trans Union* and learned that each was reporting one of the corporate *American Express* accounts derogatorily as a charged off bad debt. *(Respectively the American Express Reporting)*

13.     The *American Express* Reporting was inaccurate.  The Plaintiff  was never personally liable for the repayment of this corporate debt.

14.   Plaintiff has disputed the *American Express* account with *Equifax* and/or other Consumer Reporting Agencies multiple times since March 2010.

15.   On or about March 24, 2010, *Equifax's* Results of Investigation mailed to the Plaintiff advised that the *American Express* account had been verified by the creditor as a charged off account in the amount of $4,247.

16.     Plaintiff disputed the *American Express* account with *Experian* multiple times since March 2010.

17.     On or about June 4, 2010, *Experian's* Investigation Results mailed to the Plaintiff advised that the account had been updated and verified, however the account was still reporting derogatorily as a charged off account in the amount of $4,247 as of July 2004.

18.     *Equifax* and *Experian* each received, but ignored the Plaintiff's disputes and did refuse to delete or correct the inaccurate information regarding the derogatory account from the Plaintiff's credit file.

19.     *Equifax* and *Experian* each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory account.

20.     After receiving Plaintiff's notice of the inaccuracy and since March  2010, *Equifax* and *Experian* prepared and published to third parties multiple inaccurate consumer reports about

3

Plaintiff that contained the inaccurate derogatory *American Express* account.

21.     *Equifax* and *Experian* received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law.  Instead, *Equifax* and *Experian*  merely "parroted" the information dictated to it by *American Express*.

22.     Upon information and belief, Plaintiff alleges that on one or more occasions *Equifax* and *Experian* forwarded Plaintiff's disputes to *American Express*.  Upon information and belief, *American Express* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EQUIFAX and EXPERIAN)

23.      The Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24.     *Equifax* and *Experian* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

25.     As a result of the conduct, actions and inactions of *Equifax* and *Experian* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

26.     *Equifax* and *Experian*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* and *Experian* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C.  §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX and EXPERIAN)

28.   Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29.   *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

30.   As a result of the conduct, actions and inactions of *Equifax* and *Experian* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

31.   *Equifax* and *Experian*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* and *Experian* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(2)
## (EQUIFAX and  EXPERIAN)

33.  Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34.  *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of the Plaintiff's dispute to *American Express* and by failing to include all relevant information regarding the Plaintiff's disputes.

35.  As a result of the conduct, actions and inactions of Defendants, *Equifax* and *Experian,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

36.  *Equifax* and *Experian'*s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* and *Experian* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

37.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EQUIFAX and EXPERIAN)

38.  Plaintiff realleges and incorporates paragraphs 1 through 37 above as if fully set out herein.

39.  *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(4) on multiple

6

occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

40.     As a result of the conduct, actions and inactions of *Equifax* and *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

41.     *Equifax* and *Experian's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* and *Experian* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A)
### (EQUIFAX and EXPERIAN)

43.  Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44.     *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

45.     As a result of the conduct, actions and inactions of *Equifax* and *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

7

46.    *Equifax* and *Experian*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* and *Experian* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
### (AMERIACN EXPRESS)

48.    Plaintiff realleges and incorporates paragraphs 1 through 47 above as if fully set out herein.

49.    On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *American Express* reportings.

50.    As a result of this conduct, action and inaction of *American Express*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

51.    *American Express's* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

52.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (AMERICAN EXPRESS)

53.     Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set out herein.

54.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

55.     As a result of this conduct, actions and inactions of *American Express* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

56.     *American Express'* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(C) and (D)
## (AMERICAN EXPRESS)

58.     Plaintiff realleges and incorporates paragraphs 1 through 57 above as if fully set out herein.

59.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *American Express* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *American Express* account within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

60.     As a result of this conduct, actions and inactions of *American Express*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

61.     *American Express'* conduct, actions and inactions were willful, rendering *American Express* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *American Express* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

62.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *American Express*  in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-

judgment interest at the legal rate, and such other relief the Court does deem just, equitable and

proper.

**TRIAL BY JURY IS DEMANDED**.


Respectfully submitted,

**BURL NEWTON,**

_____/s/_____
SUSAN M. ROTKIS, VSB #40693
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com
          srotkis@clalegal.com


**CERTIFICATE OF SERVICE**

        I hereby certify that on this 23d day of May, 2012, I will file the foregoing pleading electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

        _Counsel for Equifax_

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
Richmond, VA 23219

Email: david.anthony@troutmansanders.com

    *Counsel for Experian*


Julie Quagliano
Seeger Faughnan Mendicino PC
2620 P St NW
Washington, DC 20007
Email: quagliano@sfmlawfirm.com

    *Counsel for American Express*


               /s/
               SUSAN M. ROTKIS, VSB #40693
               CONSUMER LITIGATION  ASSOCIATES, P.C.
               Attorney for Plaintiff
               763 J. Clyde Morris Boulevard, Suite 1-A
               Newport News, Virginia 23601
               (757) 930-3660 - Telephone
               (757) 930-3662 – Facsimile