IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BURL NEWTON,**

    **Plaintiff,**

v.                                            Civil Action No.: 3:12-CV-175

**EXPERIAN INFORMATION
SOLUTIONS, INC.,** *et al.***,**

    **Defendants.**

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, Experian admits that Burl Newton ("Plaintiff") purports to bring claims against Defendants, pursuant to the Fair Credit

Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*  Experian states that these are legal conclusions, which are not subject to denial or admission

## JURISDICTION

2.  In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p).  Experian states this is a legal conclusion which is not subject to admission or denial.  Experian further admits that Plaintiff has alleged that venue is proper.  Experian states this is a legal conclusion which is not subject to admission or denial.  Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the Plaintiff's residence and therefore denies the same.

## PARTIES

3.  In response to the second paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person.  Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion which is not subject to admission or denial.

4-6.  Paragraphs 4-6 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 4-6 of the Complaint and therefore denies the same.

7.  In response to 7 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

8.  In response to paragraph 8 of the Complaint, Experian denies that 15 U.S.C. § 1681(f) provides any definition of "consumer reporting agency".  Experian further denies that 15 U.S.C. § 1681(d) provides any definition of "credit report."  To the extent that Plaintiff intended to refer to 15 U.S.C. § 1681a(f), Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  To the extent that Plaintiff intended to refer to 15 U.S.C. §

1681a(d), Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that is defined in 15 U.S.C. § 1681a(d)) to third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9. Experian admits the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint pertains to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

**FACTS**

11. In response to paragraph 11 of the Complaint, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 11 and therefore denies the same.

12. In response to paragraph 12 of the Complaint, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 12 and therefore denies the same.

13. Experian denies the allegations contained in paragraph 13 that relate to Experian. As to the allegations in paragraph 13 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraphs 14 and therefore denies the same.

15. Paragraph 15 of the Complaint pertains to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. In response to paragraph 16 of the Complaint, Experian admits that it received written correspondence from Plaintiff on two occasions since March 2010. Except as specifically admitted, Experian denies the remaining allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Experian admits that it sent Plaintiff the results of its investigation on June 4, 2010. Except as specifically admitted, Experian denies the remaining allegations in paragraph 16 of the Complaint.

18-21. Experian denies the allegations contained in paragraphs 18-21 that relate to Experian. As to the allegations in paragraphs 18-21 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraphs 18-21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian admits that it contacted American Express as part of its investigation into Plaintiff's disputes. As to the allegations in paragraph 22 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraphs 22 of the Complaint. Except as specifically admitted, Experian denies the remaining allegations in paragraph 22 of the Complaint.

### COUNT ONE:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681e(b)
### (EQUIFAX and EXPERIAN)

23. Experian incorporates its responses to the allegations contained in paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Experian denies the allegations contained in paragraph 24 that relate to Experian.  As to the allegations in paragraph 24 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.  As to the allegations in paragraph 25 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 26 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 26 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 26 of the Complaint.  Experian further denies the remaining allegations in paragraph 26 of the Complaint.  As to the allegations in paragraph 26 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 27 of the Complaint. As to the allegations in paragraph 27 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(1)
### (EQUIFAX and EXPERIAN)

28. Experian incorporates its responses to the allegations contained in paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Experian denies the allegations contained in paragraph 29 that relate to Experian. As to the allegations in paragraph 29 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 30 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 31 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 31 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 31 of the Complaint. Experian further denies the remaining allegations in paragraph 31 of the Complaint. As to the allegations in paragraph 31 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

32. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 32 of the Complaint. As to the allegations in paragraph 32 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681i(a)(2)**
**(EQUIFAX and EXPERIAN)**

33. Experian incorporates its responses to the allegations contained in paragraphs 1-32 of the Complaint as if fully set forth herein.

34. Experian denies the allegations contained in paragraph 34 that relate to Experian. As to the allegations in paragraph 34 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of

those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 35 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

36. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 36 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 36 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 36 of the Complaint. Experian further denies the remaining allegations in paragraph 36 of the Complaint. As to the allegations in paragraph 36 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint.

37. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 37 of the Complaint. As to the allegations in paragraph 37 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Complaint.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. 1681i(a)(4)
## (EQUIFAX and EXPERIAN)

38. Experian incorporates its responses to the allegations contained in paragraphs 1-37 of the Complaint as if fully set forth herein.

39. Experian denies the allegations contained in paragraph 48 that relate to Experian. As to the allegations in paragraph 39 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 40 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Complaint.

41. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 41 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 41 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 41 of the Complaint. Experian further denies the remaining allegations in paragraph 41 of the Complaint. As to the allegations in paragraph 41 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Complaint.

42. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 42 of the Complaint. As to the allegations in paragraph 42 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(5)(A)
### (EQUIFAX and EXPERIAN)

43. Experian incorporates its responses to the allegations contained in paragraphs 1-42 of the Complaint as if fully set forth herein.

44. Experian denies the allegations contained in paragraph 48 that relate to Experian. As to the allegations in paragraph 44 of the Complaint that relate to another defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction. As to the allegations in paragraph 45 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 46 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 46 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 46 of the Complaint. Experian further denies the remaining allegations in paragraph 46 of the Complaint. As to the allegations in paragraph 46 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Complaint.

47. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 47 of the Complaint. As to the allegations in paragraph 47 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Complaint.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681s-2(b)(1)(A)**
**(AMERICAN EXPRESS)**

48. Experian incorporates its responses to the allegations contained in paragraphs 1-47 of the Complaint as if fully set forth herein.

49-52. Paragraphs 49-52 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 49-52 of the Complaint and therefore denies the same.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681s-2(b)(1)(B)**
**(AMERICAN EXPRESS)**

53. Experian incorporates its responses to the allegations contained in paragraphs 1-52 of the Complaint as if fully set forth herein.

54-57. Paragraphs 54-57 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 54-57 of the Complaint and therefore denies the same.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681s-2(b)(1)(C) and (D)**
**(AMERICAN EXPRESS)**

58. Experian incorporates its responses to the allegations contained in paragraphs 1-57 of the Complaint as if fully set forth herein.

59-62. Paragraphs 59-62 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 59-62 of the Complaint and therefore denies the same.

63. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

64. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

**AFFIRMATIVE DEFENSES**

Experian hereby sets forth the following affirmative defenses to the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Claim)**

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against

Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the direct and proximate result of the conduct of the Plaintiff or others.

### FOURTH AFFIRMATIVE DEFENSE

### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff's claims fail to the extent that necessary parties are not joined as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p. Plaintiff's claims may be barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief of punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) That Experian be dismissed as a party to this action

(3) For costs of suit and attorneys' fees herein incurred; and

(4) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 697-5118
Email: david.anthony@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Associates
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLP
2116 Dabney Rd., Suite A-1
Richmond, VA 23230
Telephone: (804) 355-8744
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

Michael Robert Ward
Morris & Morris PC
11 South 12th Street, 5th Floor
PO Box 30
Richmond, VA 23218
Telephone: (804) 344-8300
Facsimile: 804-344-8359
Email: mward@morrismorris.com
*Counsel for Trans Union, LLC*

Julie Quagliano
Seeger Faughnan Mendicino PC
2620 P St NW
Washington, DC 20007
Telephone: (202) 822-8838
Facsimile: (202) 822-6982
Email: quagliano@sfmlawfirm.com
*Counsel for American Express Bank, FSB*

 

/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendant Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697–5410
Facsimile: (804) 697–1339
Email: david.anthony@troutmansanders.com