**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**BURL NEWTON,**

       **Plaintiff**

**v.**                               **CIVIL NO. 3:12-cv-00175-JAG**

**EQUIFAX INFORMATION SERVICES, LLC.,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, and AMERICAN EXPRESS**
**BANK, FSB,**

       **Defendants,**

## PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, **BURL NEWTON**, by counsel, and makes the

following initial disclosures:

## I. Individuals likely to have discoverable information

    a.      Plaintiff, Burl Newton.
                 *All facts.*

    b.      Sharon C. Newton

                 *All facts.*

    c.      Employees of Experian Information Solutions, Inc.

                 *All facts regarding the subject matter of the Complaint.*

    d.      Employees of Trans Union, LLC.

                 *All facts regarding the subject matter of the Complaint.*

    e.      Employees of Equifax Information Services, LLC.

                 *All facts regarding the subject matter of the Complaint.*

f.    Employees of American Express

*All facts regarding the subject matter of the Complaint.*

g.    Jeffrey S. Saradar, Esq.
LEISER, LEISER & HENNESSY, PLC
8229 Boone Blvd., Suite 310
Vienna, VA  22182

*All facts regarding the Plaintiff's disputes of the
American Express account and the subsequent security
clearance issues experienced by the Plaintiff as a result of the
American express account at issue in this case.*

h.    Employees of the Scott Lowery Law Office, P.C.
1422 E. 71st Street, Suite B
Tulsa, OK 74136

*All facts regarding the attempted collection activity against the
Plaintiff on behalf of Cach, LLC, of an American
Express account and with regard to the collection letter
forwarded to the Plaintiff through his attorney on or about June
15, 2009.*

i.    Karen Harvey
Scott Lowery Law Office, P.C.
1422 E. 71st Street, Suite B
Tulsa, OK 74136

*All facts regarding the attempted collection activity against the
Plaintiff on behalf of Cach, LLC, (original creditor - American
Express), the Plaintiffs dispute of the American Express
account and any and all communications regarding the
American Express account at issue in this matter.*

j.    James A. West, P.C.
11111 Harwin Drive
Houston, TX 77078-1612

*All facts regarding the Plaintiff's dispute of the American
Express account at issue in this case and any attempted
collection activities regarding this account at the request of
American Express.*

k.      Laurie Lavaroni
        Manager, Consumer Affairs
        Office of Thrift Supervision
        Department of the Treasury
        1700 G. Street, NW
        Washington, DC 20552

        ***All facts regarding the Plaintiff's Complaint against American Express.***

l.      Sheldon I. Cohen, Esq.
        Sheldon I. Cohen & Associates
        2009 North 14th Street, Suite 708
        Arlington, VA  22201

        ***All facts regarding representation of the Plaintiff in his security clearance appeal.***

m.      Office of Personnel Management
        1900 E. Street, NW
        Washington, DC 20415

        ***All facts regarding the Plaintiff's security clearance and reasons for the unfavorable security clearance decision received by the Plaintiff.***

n.      Evan Hendricks
        8321 Tomlinson Avenue
        Bethesda, MD 20817

        ***Expert Witness***

o.      Unknown persons as may be revealed in discovery.

p.      All witnesses identified by the Defendants.

## II.  Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Nos.  000001 – 000353 (*forwarded to Defendants' counsel under separate cover)*

### III. Computation of Damages

#### Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

#### Categories and types of Actual Damages

i.    Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

ii.    Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit, if applicable.

iii.    Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

iv.    Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

v.    Plaintiff has suffered general damages in the form of damage to reputation.

vi.    Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

vii.    Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in his credit reports and published by American Express.

viii.    The damage to Plaintiff's credit score may also have impacted the interest rates he has on current loans, credit he has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

ix.    Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

x.    Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

xi.    Plaintiff has also suffered embarrassment from having to explain himself to potential creditors as well. Plaintiff suffers anxiety

when considering seeking additional credit because he believes, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about him.

## Case Law Supporting Actual Damages

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc*., 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following

remand);

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual

damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.    **Specific examples of credit denials/ adverse actions**

The Plaintiff have experienced specific and known damage to his credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in his credit files.

In July, 2009 Plaintiff lost his government job as a result of an unfavorable security clearance based on the inaccurate reporting of the American Express debt.

It is the Plaintiff's understanding, as summarized through his counsel, that each of the credit reports utilized contained the inaccurate derogatory American Express accounts and inaccurate information at issue in this case.

d.    **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).  Punitive damages will be proven through the Plaintiff's testimony, that of his

expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e.       **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

> *Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

> *Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

> *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

> *Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

> *Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

> *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

> *Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

> *Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order

dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

**BURL NEWTON**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@cox.net

Susan Mary Rotkis, Esq.
VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
757-930-3660 - Telephone
Fax: (757) 930-3662 - Facsimile
Email: srotkis@clalegal.com

## ***CERTIFICATE OF SERVICE***

I hereby certify that on this 12th day of July, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

Virginia Bell Flynn
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219
Email: virginia.flynn@troutmansanders.com

*Counsel for Experian*

Julie Quagliano
Seeger Faughnan Mendicino PC
2620 P St NW
Washington, DC 20007
Email: quagliano@sfmlawfirm.com

*Counsel for American Express Bank*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net